WO

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rhett, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Sausalito Foods, LLC, <br><br> Defendant. <br>_____ <br> Sausalito Foods, LLC <br><br> Counterclaimant, <br><br> v. <br> Rhett, Inc., <br> Peggy Luper and Ralph Luper <br><br> Counterdefendants. <br>_____ | No. CV-07-1833-PHX-FJM <br><br> **ORDER** |

On September 25, 2007, Rhett, Inc. filed this lawsuit against Sausalito Foods, LLC, asserting claims of breach of contract, breach of good faith and fair dealing, and breach of an implied warranty of merchantability. On December 14, 2007, Sausalito filed its amended answer, counterclaims and third-party complaint, asserting *inter alia* a breach of promissory note claim against Rhett, Inc.'s principals, Peggy and Ralph Luper.

On November 18, 2008, counterdefendants' counsel moved to withdraw from representation for non-payment. We granted that motion and ordered Rhett, Inc. to obtain substitute counsel or face dismissal of its claims and a default judgment against it as to Sausalito's counterclaims (doc. 87). Rhett, Inc. did not obtain counsel and therefore on January 7, 2009, we dismissed Rhett, Inc.'s complaint pursuant to Rule 41(b), Fed. R. Civ. P. On January 9, 2009, Rhett, Inc. filed a Chapter 11 petition for reorganization. Therefore, the only remaining claim not dismissed or subject to the automatic stay was Sausalito's third-party claim against the Lupers for breach of the promissory note.

On January 16, 2009, Sausalito moved for partial summary judgment against the Lupers on its claim for breach of the promissory note. The Lupers did not respond to the motion. Therefore, on March 20, 2009, we granted Sausalito's motion against the Lupers and awarded Sausalito $110,189.40 in damages (doc. 97). We also held that Sausalito was entitled to recover attorney's fees against the Lupers based on language in the promissory note which provided that, in the event of default, Sausalito was entitled to "all costs of collection, including reasonable attorney fees." See doc. 10, attachment 1, ex. A. We now have before us Sausalito's motion for attorney's fees in the amount of $215,331.95 and non-taxable costs in the amount of $6,823.17 (doc. 98) and supporting memorandum (doc. 145). The Lupers have once again failed to respond to this motion.

Sausalito's request for fees includes all fees incurred in this matter, including fees incurred before the Lupers were parties to this action, as well as fees that were arguably recoverable against Rhett, Inc., but for the automatic stay.

We grant Sausalito's request for fees in the reduced amount of $75,000. First, Sausalito is not entitled to fees purportedly owed by Rhett, Inc. Instead, the fees must be apportioned as to Rhett, Inc. and the Lupers. Accordingly, the fee and cost request is reduced by half. Second, Sausalito seeks fees at rates of up to $535 an hour—rates well above the reasonable prevailing rate in the Phoenix community. Third, it appears that this case was over-lawyered. Four lawyers, including two partners and two associates, two paralegals and a law student expended almost 800 hours on a case that was resolved with a default

judgment. Given the amount in controversy, this case did not justify that number of hours. There must be a sense of proportion between the amount in controversy and the fees expended.

For all of these reasons, **IT IS ORDERED GRANTING** Sausalito's motion for attorney's fees in the amount of $75,000 and non-taxable costs in the amount of $3,411.59 (doc. 98).

DATED this 10th day of July, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge